HIMMELMAN v. HENRY et al.

No. 11,659; May 21, 1889.

21 Pac. 731.

Appeal.—A Judgment will not be Reversed for the want of a finding on an issue with respect to which there was no evidence; and on appeal on the judgment-roll alone it will not be presumed, against the correctness of the judgment, that there was evidence on a point as to which there was no finding.

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Ejectment by Catherine Himmelman against Bridget Henry and others.   Defendants appeal.

Langhorne & Miller for appellants; J. M. Seawell and J. B. Reinstein for respondent.

McFARLAND, J.—This is an action of ejectment.   The answers, in addition to general denials, set up certain alleged special defenses.   The court, trying the case without a jury, found that the plaintiff was the owner and seised in fee, and entitled to the possession, of the premises in suit, and that defendants ousted plaintiff therefrom, and wrongfully and unlawfully withhold possession thereof; but there is no finding as to the alleged special defenses.   Judgment went for plaintiff, and defendants appeal from the judgment upon the judgment-roll alone.

Appellants' main contention is that the judgment should be reversed because there is no finding on all the issues raised or alleged to have been raised by the pleadings.   But a judgment will not be reversed for want of a finding on an issue with respect to which there is no evidence.   In Wise v. Burton, 73 Cal. 175, 14 Pac. 683, this court say: ''This court will not reverse for want of a finding on an issue where there is no evidence in relation to such issue.''   In the case at bar—which is brought here upon the judgment-roll alone—we will not presume, against the correctness of the judgment, that there was evidence upon a point with respect to which there is no finding.   This view of the case makes it unnecessary to consider the question whether or not the alleged special issues were material.   We think the findings support the judgment.   Judgment affirmed.

We concur: Thornton, J.; Sharpstein, J.