MINNIE E. BRITTON, Defendant in Error, *vs.* WILLIAM A. CHAMBERLAIN, Plaintiff in Error.

*Opinion filed April 23, 1908—Rehearing denied June 4, 1908.*

1. INTEREST—*in suit on foreign judgment interest is allowable at rate allowed in foreign State.* In an action in Illinois upon a judgment or decree of a foreign court, interest is recoverable at the rate allowed by the State of such foreign court upon judg-ments or decrees.

2. ALIMONY—*suit may be maintained in Illinois on foreign de-cree for alimony.* An action may be maintained in Illinois upon a decree for alimony entered by a court of a foreign State, and only such pleas will be sustained as would be good in the courts of the State where the decree was rendered.

3. SAME—*when re-marriage does not bar suit on decree.* An action of debt brought in Illinois upon a decree for alimony ren-dered by a court of a foreign State will not be held to be barred because the plaintiff has re-married, where such re-marriage is not regarded in the State where the decree was rendered as disturbing the decree or furnishing ground for its modification.

4. SAME—*what is no defense to suit on decree for alimony.* In a suit in Illinois on a foreign decree for alimony in favor of the wife for the support of herself and the minor child awarded to her custody, the alleged fact that the burden of supporting the child has, by plaintiff's re-marriage, shifted to her second husband, furnishes no defense to the suit, where the evidence shows the plaintiff has supported the child, except as the child has himself contributed thereto by his labor.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. FROST, Judge, presiding.

This was an action of debt commenced by the defendant in error against the plaintiff in error, in the superior court of Cook county, upon a decree for alimony entered by the Supreme Court of New York in favor of the defendant in error, against the plaintiff in error, on the 12th day of May, 1897, in a chancery suit pending on that day in said court, in which a decree for divorce was entered in favor of the defendant in error against the plaintiff in error.

The declaration contained one count, which averred that the plaintiff, under the name of Minnie E. Chamberlain, at a special term of the Supreme Court held in the city of Buffalo, in the county of Erie and State of New York, on May 12, 1897, recovered against the defendant, in a certain action for divorce, a decree for the sum of $260 per annum as alimony, payable weekly thereafter from the date of said decree, and also the sum of $83.50 costs, which sums, with interest, on the day said suit was brought, aggregated the sum of $2294, as by the record of said suit now remaining in said Supreme Court will fully appear, which said decree remains in full force and effect, yet the defendant has not made payment, etc., to the damage of plaintiff of $5000, etc.

The defendant filed a plea of *nul tiel* record, and the case was submitted to the court without a jury, upon a stipulation that the defendant might offer under said plea any

proofs he might offer under any special plea if properly pleaded, and that the plaintiff might rebut said proofs.

The parties submitted certain propositions in writing, to be held as the law of the case, to the court, and the court held that the five year Statute of Limitations applied, and that the plaintiff was entitled to recover the amount which had accrued upon said decree during the five years preceding the date of said suit, with six per cent interest thereon, which was the New York rate, and rendered judgment for $1300 debt and $338 damages and costs in favor of plaintiff and against the defendant, which judgment has been affirmed by the Appellate Court for the First District, and the defendant has sued out a writ of error from this court to review the judgment of the Appellate Court.

FREDERICK S. SCHOOLER, for plaintiff in error.

FRANK P. SADLER, and ELLSWORTH T. MARTIN, for defendant in error.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The first contention of the plaintiff in error is, that the certified copy of the decree of the Supreme Court of New York, upon which a recovery was allowed, was not properly certified. The declaration was based upon a decree of the Supreme Court of New York, and the clerk, under the seal of said court, certified that he was clerk of the county of Erie and clerk of the Supreme Court in and for said county, and that the instrument offered in evidence was a true and complete copy of a judgment on file and a matter of record in the clerk's office of said county in an action between Minnie E. Chamberlain, plaintiff, and William A. Chamberlain, defendant; and John S. Lambert, a justice of the Supreme Court in and for the eighth judicial district of the State of New York, certified that the attestation of the clerk was "in

due form and by the proper officer," and the clerk certified that John S. Lambert was a justice of the Supreme Court. We think the decree was properly certified, (*Ducommun* v. *Hysinger*, 14 Ill. 249,) and that it appears from such certificates that the decree offered in evidence was a decree of the Supreme Court of New York, and that the court did not err in admitting the same in evidence.

It is next contended that the court erred in allowing interest upon said decree at the rate of six per cent per annum. The New York statute was introduced in evidence, which showed that a money judgment in the State of New York draws interest at the rate of six per cent per annum. In this State, in an action upon a foreign judgment, interest is allowed upon such judgment at the rate fixed by the law of the foreign State. (*Warren* v. *McCarthy*, 25 Ill. 95; *Morris* v. *Wibaux*, 159 id. 627.) The court did not err in allowing interest at the rate of six per cent.

It is also contended that an action will not lie in this State upon a decree for alimony entered by a court of a foreign State. There is some conflict in the authorities upon this question. This court has, however, settled the question contrary to the contention of plaintiff in error. *Dow* v. *Blake*, 148 Ill. 76.

It appears from the evidence that the defendant in error, on March 9, 1898, married one Joseph Britton, with whom, since that date, she has lived as her husband, and it is urged her re-marriage was a bar to this action. Under the authority of *Stillman* v. *Stillman*, 99 Ill. 196, had the divorce decree been entered in this State, upon application to the court entering the decree the re-marriage of the defendant in error would have been ground for the modification of the decree for alimony. Such, however, is not the law in the State of New York, where the divorce decree was entered; (*Shepherd* v. *Shepherd*, 1 Hun, 240;) and the law is well settled in this State (*Firemen's Ins. Co.* v. *Thompson*, 155 Ill. 204,) that in a suit in this State upon a foreign

judgment or decree, only such pleas will be sustained as would be good in the courts of the State rendering the judgment. As the re-marriage of the defendant in error did not have the effect, in New York, to disturb the decree for alimony or furnish grounds for reducing it, the fact that the defendant in error had re-married subsequent to her divorce from plaintiff in error was no defense to the action brought in the superior court of Cook county upon a decree for alimony entered by the Supreme Court of New York in favor of the defendant in error.

It is finally contended that the decree for alimony was, in part, for the benefit of the minor son of the plaintiff in error and the defendant in error, and that a legal obligation rested upon the defendant in error's second husband, with whom she and the child lived, to support the child of the plaintiff in error, and that a recovery could not be had upon said decree for alimony for that reason. The defendant in error was given the custody of her minor son in the divorce proceeding, which decree was granted for the wrong of the plaintiff in error, and the alimony provided for in said decree was decreed to the defendant in error for the support of herself and her minor son. The evidence showed that since the decree the defendant in error had supported her minor son, except in so far as by his labor he had contributed to such support. The alimony was granted to the defendant in error and not to her son, and the contention that the burden of supporting said son had been so far shifted from the plaintiff in error to the second husband of the defendant in error as to release the plaintiff in error from the payment of the alimony decreed to be paid to the defendant in error is without force.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*