### LACHER v. GORDON et al.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

ATTORNEY AND CLIENT—DELEGATION OF ATTORNEY'S AUTHORITY.

An attorney has no power to delegate his authority and power to another attorney, so as to make the other the agent of his client, unless the client consents to the change.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 151.]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Max Lacher against Abraham I. Gordon and another. Judgment for defendants on a counterclaim, and plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Charles Tolleris, for appellant.

S. J. Rosenblum, for respondents.

WOODWARD, J. The plaintiff brings this action against the defendants, attorneys at law, to collect a balance of $66.19 alleged to have been collected by the defendants of one Friedman, of Scranton, Pa., in behalf of the plaintiff. While there was a conflict of evidence upon the issues in the action, the plaintiff relies for reversal upon alleged errors in the charge of the learned court, and in the admission and rejection of evidence. Briefly, the plaintiff placed a claim for $161.69 in the hands of the defendants for collection. The debtor lived in Scranton, Pa., and the evidence tends to show, and the jury have so found by their verdict, that the defendants, on receiving this claim, told the plaintiff that they would place the same in the hands of one Okell, an attorney in Scranton, for collection, and that the plaintiff not only approved of this, but that he subsequently ratified the action of the defendants in this employment of Okell. It appears that Okell collected the claim, paying over a part of the same to the defendants, and that Okell subsequently departed from Scranton, failing to make good the remainder of the claim. The plaintiff, as we may gather from the evidence which convinced the jury, employed the defendants to follow up this claim, and to secure the entire amount, saying that he did not care about the money, but that he wanted to enforce the claim; and the counterclaim of the defendants is based upon the services rendered in an effort to collect this claim from Friedman and to chase down Okell. The claim for services and disbursements was made at $230, the jury having limited the recovery to $100. The plaintiff appeals.

The first point of the appellant relates to alleged errors in the charge of the learned court below. Plaintiff's counsel asked the court

'to charge that Okell was the agent of the defendant Rosenblum respecting the collection of this claim. The court declined to charge this request, and charged:

"That Okell, the lawyer, of Scranton, Pa., was really the agent of Lacher, because Rosenblum, based upon the testimony here, if you so believe it, was the agent or attorney of Lacher, and he, as such attorney or agent, could, as a matter of law, delegate his authority and power to somebody else, namely, Okell, of Scranton, Pa."

This is clearly not an accurate statement of the law. Rosenblum, as the agent or attorney of Lacher, could not substitute Okell in such a manner as to make the latter the agent of Lacher, so that Lacher would be obliged to look to Okell for the proceeds of the collection, unless Lacher consented to the arrangement. Under the evidence it was an open question whether Lacher had authorized Rosenblum to turn the claim over to Okell for collection, and we are of the opinion that the court erred in volunteering to charge as it did. The court properly refused the plaintiff's request; but when he went beyond that, and charged as a matter of law that Okell was the agent of the plaintiff, upon the theory that Rosenblum, by reason of his agency, had the authority to make a new agent for Lacher, there was error which calls for a reversal of the judgment. It is probably true that the court intended to charge that under the evidence, if the jury believed it, Rosenblum was authorized to employ Okell to collect this claim—to make Okell the plaintiff's agent for the purposes of the collection—but that is not the charge as it went to the jury, and, the plaintiff having duly excepted to the charge as made, he is entitled to a reversal of the judgment and to a new trial.

The judgment should be reversed, with costs. All concur.