[Civ. No. 3778.  Third Appellate District.—May 17, 1929.]

LILY RINKENBERGER, Respondent, v. FRED W. RINKENBERGER, Appellant.

Rupert B. Turnbull for Appellant.

Rohe & Freston for Respondent.

PLUMMER, J.—This is an appeal from a judgment of the Superior Court of the county of Los Angeles finding that there is due the plaintiff the sum of $7,277, based upon a judgment of divorce entered in the Superior Court of King County, in the State of Washington, adjudging the plaintiff in this action entitled to a divorce from the defendant herein, and awarding the plaintiff alimony, payable in monthly installments, the overdue monthly installments amounting to the sum just herein stated. From this judgment the defendant appeals.

Upon this appeal the defendant sets forth two grounds alleged as sufficient cause for reversal. First: That the trial court failed to find upon certain affirmative defenses set up as counterclaims or offsets by the defendant, and second: That the judgment of the Superior Court of King County, of the State of Washington, is not a final judgment to which full faith and credit can or should be given in pursuance of the Constitution of the United States.

The counterclaims set up by the defendant are respectively in amounts of $500, $600 and $1,200, alleged as the value of certain personal property awarded to the defendant by the superior court of King County, and alleged to have been, at the time of the entry of judgment in said court, in the possession of the appellant in this action, and not delivered to the defendant in pursuance of the division of property between the plaintiff and defendant made by the Superior Court of King County. This cause is before us upon the judgment-roll alone, and a careful reading of the record fails to disclose that there was a particle of evidence introduced by the defendant to sustain any one of his alleged counterclaims. The only semblance of support to defendant's claim is that the court reduced the amount of $8,650, found as the total amount of the accrued installments, to

the sum of $7,277. This, however, is shown to have no foundation when the finding of the court in relation to these items is considered. Finding four of the trial court reads: "That since the 4th day of April, 1922, there has become due and owing from the above named defendant to the above named plaintiff, upon said interlocutory decree of divorce, the sum of $8,650.00; that no part of said sum has been paid, except the sum of $1,373.00," which, by following the ordinary rules of subtraction leaves the amount found due by the court the sum of $7,277. There being no testimony in the record, the conclusion is absolute, so far as an appellate court is concerned, that there was testimony introduced showing payment as found by the court, in the sum of $1,373. We do not need to review the authorities cited by the appellant that the failure of the court to find upon an essential issue or a material issue entitles an appellant to a reversal, for the law is equally clear and well settled in this state that a judgment will not be reversed for want of finding upon an issue where no evidence has been introduced in relation to such issue, and as was said in the case of *Himmelman* v. *Henry,* 84 Cal. 104 [23 Pac. 1098], quoting from 3 Cal. Unrep. 92 [21 Pac. 731] : "In the case at bar which is brought here upon the judgment roll alone, we will not presume against the correctness of the judgment that there was evidence upon a point with respect to which there was no finding." To the same effect are the following cases: *Leviston* v. *Ryan,* 75 Cal. 293 [17 Pac. 239] ; *Winslow* v. *Gohransen,* 88 Cal. 450 [26 Pac. 504], where the subject is considered at length. Other cases might be cited, but the rule we have stated has never been departed from.

Appellant cites *Spect* v. *Spect,* 88 Cal. 437 [22 Am. St. Rep. 214, 13 L. R. A. 137, 26 Pac. 203]. The opinion, however, in that case, as shown on page 439 of said volume [26 Pac. 204], sets forth certain facts and circumstances which distinguishes that case from the case at bar, and the others which we have cited as controlling here. In the Spect case it appears that the record showed that the trial court gave as a reason for not making findings upon certain issues that such findings were immaterial, and therefore the Supreme Court presumed that evidence had been introduced in support of the issues set up in the pleadings.

There being absolutely nothing in the record to show that the defendant introduced any evidence whatever or that the trial court had any facts or circumstances before it upon which it could base any findings as to the defendant's alleged counterclaims, it must be held that the appellant's first contention that the court did not find upon material issues is not well taken.

The second alleged error of the trial court involves the question as to whether the provision for the payment of alimony in installments contained in an interlocutory decree of divorce, followed by a final decree of divorce, is a final judgment as to installments overdue, to which full faith and credit shall be given, etc., under the provisions of section 1 of article IV of the Constitution of the United States.

The record shows that in this case an interlocutory decree of divorce was entered in the Superior Court of King County, State of Washington, followed by an absolute decree of divorce, and that the interlocutory decree of divorce, providing for the payment of alimony in installments, was never appealed from and has not been modified or changed in any particular. This action involves only overdue installments and the judgment does not purport to in any way bind the defendant for the payment of accruing installments. The action is really in the form of one to collect or obtain judgment for the amount hereinbefore set forth, based upon the accrued and overdue installments ordered paid by the defendant to the plaintiff in an interlocutory decree of divorce.

Section 988 of Remington & Ballinger's Annotated Codes and Statutes of Washington (as amended by Laws Wash. 1921, p. 332, sec. 2), reads as follows: ''Pending the action for the divorce, the court, or judge thereof, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof; at the conclusion of the trial the court must make and file findings of fact and conclusions of law. If it determines that no divorce shall be granted, final judgment must thereupon be entered accordingly. If, however, the court determines that either party, or both, is entitled to a divorce, an interlocutory order must be entered accordingly, declaring

that the party in whose favor the court decides is entitled to a decree of divorce as hereinafter provided; which order shall also make all necessary provisions as to alimony, costs, care, custody, support and education of children, and custody, management and division of property, which order as to the custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal; but in no case shall such interlocutory order be considered or construed to have the effect of dissolving the marriage of the parties to the action, or of granting a divorce, until final judgment is entered: Provided, that the court shall, at all times, have the power to grant any and all restraining orders that may be necessary to protect the parties and secure justice. Appeals may be taken from such interlocutory order within 90 days after its entry.''

The appellant's contention has to do with that portion of the section which we have just set out, with making necessary provisions as to alimony, costs, care, custody, support and education of children, and the argument made that as the section provides that the order of the court is final only as to the custody, management and division of property, subject only to the right of appeal, that the payment of accrued or overdue installments of alimony are payable only subject to the discretion of the trial court, and therefore cannot in any sense constitute a final judgment. In other words, that as the section expresses the idea of the legislature that judgment as to the disposition of property shall be final, it follows as a necessary consequence that the decree of the court as to the payment of alimony was not intended to become final as to any installments whether accrued or to accrue. In support of this contention appellant cites the cases of *Hodge* v. *Hodge,* 125 Wash. 347 [215 Pac. 1044]; *Ruge* v. *Ruge,* 97 Wash. 51 [L. R. A. 1917F, 721, 165 Pac. 1063], and other cases in line herewith where the Supreme Court of Washington has held, prior to the amendment of section 988 of Remington & Ballinger's Annotated Codes, the allowance of alimony could not be subsequently modified, and argues therefrom that as the legislature, by the section as amended, intended, by making only that part of the decree of the court relating to a division of the property final, it intended that the allowance of alimony, payable in installments, whether accrued or to accrue, should never become

final and constitute a basis for an action in another state under section 1 of article IV of the Constitution of the United States. None of these cases, so far as we have been able to discover, has dealt with the question of overdue installments. This is illustrated by the syllabus in the case of *Hodge* v. *Hodge, supra,* which is similar to all the other cases cited, to wit: "Where a decree of divorce is absolute and there are minor children, and permanent alimony is awarded, the court may even, in the absence of a reservation to subsequently make further orders, modify the decree as respects alimony, to meet altered conditions." This is only in line with section 139 of the Civil Code of this state, which provides that where alimony or support has been provided for in an interlocutory decree of divorce, that the court may "from time to time modify its orders in these respects."

Appellant further cites and relies upon the case of *Sistare* v. *Sistare,* 218 U. S. 1 [20 Ann. Cas. 1061, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 30 Sup. Ct. Rep. 682, see, also, Rose's U. S. Notes], and quotes from that case the following: "Where, by the law of the State in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even though no application to annul or modify the decree with respect to alimony had been made prior to the instalment becoming due"; the rule of full faith and credit to the judgment of sister states does not apply. However, the section of the Washington code with which we are dealing contains no such provision, nor is there any implication contained within the language of the section which would warrant the conclusion drawn by the appellant. The power conferred upon the court by the section as to alimony is no different in substance from the power conferred by the code sections in our own and other states which has been held to apply only to future installments. Thus, the very case which the appellant cites is an authority against his contention. The rule is there laid down as follows: "A decree for the future payment of alimony is, as to instalments past due and unpaid, within the protection of the full faith and credit clause of the federal Constitution, provided that no modification of the decree was made prior

to the maturity of such instalments.'' The Sistare case had to do with the code provisions of the state of New York, similar in form and substance with our own and the Washington code, and the Supreme Court of the United States further said, in relation thereto, that ''decrees of the New York courts for the future payment of alimony are not subject to annullment or modification by those courts, as to overdue and unsatisfied instalments so as to deprive such decrees of the protection as to past due and unpaid instalments of the full faith and credit clause of the federal Constitution.'' The Sistare case is also reported in 28 L. R. A. (N. S.) 1068, where a long line of other cases are cited supporting the same rule.

In the case of *Holton* v. *Holton,* 153 Minn. 346 [41 A. L. R. 1415, 190 N. W. 542], we find the following: ''So long as a judgment for alimony, payable in instalments, is absolute in its terms and remains unmodified, or, at least, until an application for modification has been made, it is final as to instalments which have accrued, and is entitled to full faith and credit in the courts of a sister state in an action founded upon it.'' Beginning on page 1419 of 41 A. L. R., a list of authorities supporting this same rule is set forth, which is too long to be more than mentioned herein.

In *Myers* v. *Myers,* 62 Utah, 90 [30 A. L. R. 74, 218 Pac. 123], the Supreme Court of Utah reviews a large number of cases having to do with the questions here under consideration, including the case of *Sistare* v. *Sistare, supra,* and other cases cited by the United States Supreme Court, and then holds that ''the court has no power to affect the instalments of alimony which have actually accrued, under a statute providing that subsequent changes or new orders may be made with respect to the disposition of property as shall be deemed reasonable and proper.'' The same holding is had in the case of *Bolton* v. *Bolton,* 86 N. J. L. 622 [Ann. Cas. 1916E, 938, 92 Atl. 389]. This case holds that alimony payable in installments confers a vested right as to the installments that had become actually due and payable. To the same effect is the case of *Guess* v. *Smith* 100 Miss. 457 [Ann. Cas. 1914A, 300, 56 South. 166]. This case, as reported in Ann. Cas., *supra,* is followed by a note citing a long list of authorities supporting the rule heretofore

stated. The same rule is supported by the few cases in California where the subject has been considered, to wit: In *Soule* v. *Soule*, 4 Cal. App. 97 [87 Pac. 205], the subject is considered on pages 105–107 of that volume [87 Pac. 208, 209]; also, *Cummings* v. *Cummings*, 97 Cal. App. 144 [275 Pac. 245], where it is said: "A judgment for alimony is not subject to modification as to the sums already accrued and past due."

The respondent makes the point that the appellant has failed to prove the law of Washington, other than the mere introduction of the section of the code referred to. The objection of the respondent appears to be well taken, as this action was tried prior to the amendment to section 1875 of the Code of Civil Procedure, in 1927 (Stats. 1927, p. 110), but we are nevertheless satisfied that the section of the Washington code having to do with the allowance of alimony and future changes in the amount of the allowance, bears only the construction which has been given to like statutes and code provisions in other states, and that as to overdue installments of alimony contained in a decree granting a divorce in the state of Washington, the full faith and credit clause of the Constitution applies, and constituted a basis for the action instituted by the plaintiff against the defendant in this cause.

The judgment of the trial court is therefore affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 15, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 15, 1929.

All the Justices present concurred.