[Civ. No. 7802. First Appellate District, Division Two.—October 28, 1931.]

MARTIN P. BRUTON, as Administrator, etc., Respondent, v. CONWAY TEARLE, Appellant.

John G. Jury and William J. Brennan for Appellant.

Marcel E. Cerf and Henry Robinson for Respondent.

NOURSE, P. J.—This is a suit by Josephine Park Tearle for the sum of $9,932.50 admitted to be unpaid alimony awarded her under a decree of divorce in New York.

The cause was tried by the court sitting without a jury upon an agreed statement of facts. Judgment was ordered for the plaintiff and defendant appeals upon typewritten transcripts. Pending the appeal Mrs. Tearle died and her administrator has been duly substituted in her stead. We may continue to refer to her herein as the plaintiff in the action. Plaintiff obtained a decree of divorce from defendant in the state of New York on November 21, 1912, wherein plaintiff was awarded alimony in the sum of $25 each week thereafter; on May 9, 1921, plaintiff obtained a second judgment in the form of a modification of the decree wherein she was awarded $75 each week thereafter; on March 21, 1928, plaintiff obtained a third judgment in the same form in which she was awarded the sum of $100 each week thereafter. The record discloses no modification and no proceeding to modify any one of these judgments. The trial court found that "there is now accrued, due, owing and unpaid" under said judgments $9,932.50, and that under the laws of the state of New York such judgments were not subject to modification as to accrued and past due installments.

Defendant and appellant contends that the judgments are not final under the laws of New York as to accrued and unpaid payments thereunder because the court which rendered those judgments had the power to modify them at any time, and that only a final judgment is within the full faith and credit clause of the federal Constitution.

Upon the first point the New York law as interpreted by the courts of that state is not in accord with appellant's contention. In *Krauss* v. *Krauss*, 127 App. Div. 140 [111

N. Y. Supp. 788, 789], the appellate division held that the statutory power conferred upon the trial court to annul, vary or modify an order for the payment of alimony did not carry jurisdiction to deprive one of that portion of such an award which was due and payable but that, as to such portion, a vested right was created which might be enforced the same as any final judgment. This is the settled rule of the authorities of that court down to *Crawford* v. *Crawford,* 129 Misc. Rep. 683 [221 N. Y. Supp. 551], and we find no authorities to the contrary. The statutes of New York interpreted in these decisions are of the same general purport as section 139 of our Civil Code which authorizes the superior court to annul or modify its alimony orders from time to time. Interpreting this section our appellate courts have held that a judgment for alimony is not subject to modification as to the sums already accrued and past due. (*Soule* v. *Soule,* 4 Cal. App. 97, 105 [87 Pac. 205]; *Cummings* v. *Cummings,* 97 Cal. App. 144, 147 [275 Pac. 245]; *Rickenberger* v. *Rickenberger,* 99 Cal. App. 45, 52 [277 Pac. 1096].) We find the same rule in *Sistare* v. *Sistare,* 218 U. S. 1, 22, 24 [20 Ann. Cas. 1061, 28 L. R. A. 1068, 54 L. Ed. 905, 30 Sup. Ct. Rep. 682], where the United States Supreme Court gave this interpretation to the statutes of New York.

Upon the second point, that a judgment of this character is not a final judgment within the full faith and credit clause of the federal Constitution, the rule *contra* is equally well settled, first in *Sistare* v. *Sistare, supra,* p. 17; *Caples* v. *Caples,* 47 Fed. (2d) 225, 226; *Cummings* v. *Cummings, supra,* p. 151; *Rickenberger* v. *Rickenberger, supra,* p. 48 et seq.

We find no error in the record. The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 27, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 24, 1931.