ALICE P. LITTLE, Plaintiff, *v.* GEORGE C. LITTLE, Defendant.*

Supreme Court, New York County, July 22, 1932.

*Goldsmith, Jackson & Brock [Osmond K. Fraenkel* of counsel], for the plaintiff.

*Louis Winer [Arthur Rosenzweig* of counsel], for the defendant.

VALENTE, J. Prior to the amendment of sections 1772 and 1773 of the Code of Civil Procedure (now sections 1171 and 1172 of the Civil Practice Act) a judgment of divorce or separation obtained in another State could not be enforced here by sequestration or contempt proceeding. (*Lynde* v. *Lynde*, 162 N. Y. 405.) After the amendment of sections 1772 and 1773 so as to make express provision for sequestration and contempt proceedings in actions brought upon judgments of divorce or separation rendered in another State on grounds upon which such judgments could be obtained in this State it was held that such judgments of another State could be enforced here by sequestration and by contempt proceedings. (*Moore* v. *Moore*, 208 N. Y. 97.)

The question presented by this motion is whether the courts of this State may modify a judgment entered here, upon the basis of the decree of the courts of another State, so as to require the payment of a smaller amount of alimony than that provided for

---

* Affd., 236 App. Div. 826, and motion for leave to appeal to Court of Appeals denied, 237 id. 817.

in the foreign decree. It should be noted that section 1172 of the Civil Practice Act uses different language in referring to actions for divorce or separation brought in the courts of this State from that which is employed in describing actions brought upon foreign judgments of divorce or separation. An action brought in this State is referred to as an action " for divorce or separation," while an action brought upon the foreign judgment of divorce or separation is referred to as an action " for the enforcement in this state of a judgment for divorce or separation rendered in another state." Section 1171 of Civil Practice Act makes a similar differentiation. Sections 1155 and 1170 of the Civil Practice Act, which empower the court to modify directions for the payment of alimony, are confined in their application to actions for divorce or separation without any mention of actions brought to enforce a judgment for divorce or separation rendered in another State. As the wording of sections 1171 and 1172 of the Civil Practice Act appears to indicate that the Legislature intended the words " action for divorce or separation " to apply only to actions brought in the courts of this State, it would seem to follow that sections 1155 and 1170 of the Civil Practice Act, authorizing the court to modify provisions for the payment of alimony, are not broad enough to permit the court to make such modification in an action to enforce a foreign decree. Moreover, an action of this character is founded upon the foreign decree. The court in rendering judgment follows the provisions of the foreign decree. The action here is not one for divorce or separation, but one to enforce the foreign decree. It would be strange indeed if our courts in such an action could require the defendant to pay a different amount of alimony from that provided for in the foreign decree. If the court could do this after the provisions of the foreign decree had been embodied in a judgment of this court, it could also in the first instance upon a showing by the defendant of a change of circumstances between the entry of the foreign decree and the commencement of the action here, decline to grant judgment directing the defendant to pay the amount prescribed by the foreign decree and instead fix a different amount. If the courts of each State in which the plaintiff may be compelled to seek the enforcement of the Illinois decree, by reason of the defendant's removal from State to State, could each fix the alimony to be paid by the defendant in such amounts as they might respectively deem proper, a defendant might be compelled to pay varying amounts of alimony in various States, a result which is certainly not to be favored.

In *Matter of Williams* (208 N. Y. 32) it was held that a decree of divorce obtained in South Dakota was not affected by a judgment

recovered here in an action to enforce the foreign decree. Accordingly the court took the view that even if the New York judgment might otherwise be deemed to have been discharged in bankruptcy, it would not be regarded as discharged while the South Dakota judgment upon which it was founded remained in full force and effect: " The inconsistent and absurd results that would arise from holding that the New York judgment was discharged by the decree in bankruptcy, while the South Dakota judgment remained in full force and effect, require that the New York judgment should not be discharged unless the South Dakota judgment upon which it is founded is at the same time discharged. A decree in bankruptcy proceedings should not be held to be a discharge of a judgment in one state unless it at the same time is held to be a discharge of any and all judgments of other states, which are founded primarily upon the same debt or duty and which have such a relation to each other that a payment of one would result in a defense to or extinguishment of the others " (p. 39).

The proper remedy of the defendant would seem to be to obtain a modification in the courts of the State in which the judgment of divorce was originally rendered. Upon the basis of such a modification similar modifications could undoubtedly be obtained of judgments of the courts of other States based upon that judgment. In the instant case the defendant has already moved unsuccessfully in the courts of Illinois to modify the Illinois judgment. The judgment entered in this action being based and predicated upon the Illinois judgment, it is my opinion that it can be modified only upon the basis of a modification of the Illinois judgment. The motion to reduce alimony is denied for the reason indicated, and the cross-motion to vacate the order permitting the defendant to make such application for a reduction is granted.