[Civ. No. 8484. First Appellate District, Division Two.—September 24, 1932.]

HOMER H. CREAGER, Petitioner, v. THE SUPERIOR COURT OF SANTA CLARA COUNTY et al., Respondents.

William S. Howe and Busick & Busick for Petitioner.

Harry J. Miller, as *Amicus Curiae* on Behalf of Petitioner.

John J. Jones for Respondents.

SPENCE, J.—Petitioner seeks a writ of prohibition to restrain the respondent court from further proceedings under an order to show cause.

Petitioner and Rowena D. Creager were husband and wife up to the time that a decree of divorce was obtained by the wife in the Second Judicial District Court of the State of Nevada. By the terms of that decree petitioner was ordered to pay to said Rowena D. Creager the sum of $30 per month as alimony commencing on the first day of March, 1930. In 1931 said Rowena D. Creager filed in the respondent court an action seeking to enforce the Nevada decree. The complaint was entitled "Complaint on Foreign Judgment". Plaintiff set forth the decree of the Nevada court and alleged that no appeal had been taken and that the decree had not been modified. She made further allegations regarding the amount due and unpaid thereunder and the fact that both plaintiff and defendant were residents of this state. The prayer of the complaint asked that "said judgment be established as a foreign judgment" and that the unpaid amount be adjudged due and owing from defendant to plaintiff. Petitioner defaulted and the trial court entered judgment as follows: "That said judgment be and the same is hereby established herein as a foreign judgment. It is further ordered, adjudged and decreed that there is now due and owing at this date from defendant to plaintiff as and for alimony under said decree the sum of Five Hundred and Seventy Dollars ($570.00)." Thereafter upon affidavit of plaintiff the trial court ordered petitioner to show cause "why he should not be adjudged guilty of contempt of court for failure to pay alimony". Thereupon petitioner commenced this proceeding.

Petitioner contends that "said order is void for the reason that it was and is in excess of and beyond the jurisdiction of said court to make the same". In support of this contention he proceeds to question the validity of the judgment upon the ground that the Nevada decree upon which it was based was not a final judgment within the protection of the full faith and credit clause of the federal Constitution (Const. U. S., art. IV, sec. 1), but a judgment for continuing monthly payments of alimony subject to the further

order of the Nevada court. This general question has been before the courts in numerous cases, among which are: *Sistare* v. *Sistare*, 218 U. S. 1 [20 Ann. Cas. 1061, 28 L. R. A. (N. S.) 1068, 54 L. Ed. 905, 30 Sup. Ct. Rep. 682]; *Lynde* v. *Lynde*, 181 U. S. 183 [45 L. Ed. 810, 21 Sup. Ct. Rep. 555]; *Barber* v. *Barber*, 21 How. (U. S.) 582 [16 L. Ed. 226]; *Cyr* v. *Cyr*, 206 Cal. 8 [272 Pac. 751]; *Bruton* v. *Tearle*, 117 Cal. App. 696 [4 Pac. (2d) 623]; *Rinkenberger* v. *Rinkenberger*, 99 Cal. App. 45 [277 Pac. 1096]; *Cummings* v. *Cummings*, 97 Cal. App. 144 [275 Pac. 245]; *Levine* v. *Levine*, 95 Or. 94 [187 Pac. 609]; *McGregor* v. *McGregor*, 52 Colo. 292 [122 Pac. 390]; *Holton* v. *Holton*, 153 Minn. 346 [11 A. L. R. 1415, 190 N. W. 542]; *Armstrong* v. *Armstrong*, 117 Ohio St. 558 [57 A. L. R. 1108, 160 N. E. 34]; *Page* v. *Page*, 189 Mass. 85 [4 Ann. Cas. 296, 75 N. E. 92]. We deem it unnecessary, however, to discuss these authorities. Petitioner's contention here is similar to that made by the appellant in *Cummings* v. *Cummings, supra,* where the court said on page 152: "It should be borne in mind that appellant's complaint is not of the failure of our courts to recognize a judgment of a sister state as required by the full faith and credit clause of the federal Constitution. His contention is that the trial court gave too much faith and credit to the New York judgment. Hence there is no federal question involved."

We think it entirely clear that the judgment of the respondent court gave full faith and credit to the Nevada judgment in its entirety. By its terms the Nevada judgment was "established herein as a foreign judgment". If such recognition exceeds the requirements of the federal Constitution, but is authorized by the laws of this state, petitioner may not complain. Section 1913 of the Code of Civil Procedure provides: "The effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced here by an action or special proceeding. . . . " This section clearly implies that an action may be maintained in this state to enforce a foreign judgment, and as the Nevada judgment was not impeached, the trial court properly entered its judgment establishing the Nevada judgment for the purpose of enforcement here.

■ The question then arises as to the manner of its enforcement. Petitioner contends that it cannot be enforced by contempt proceedings like an original award of alimony by the respondent court, but only by execution in the same manner as an ordinary money judgment. In our opinion this contention cannot be sustained. Petitioner's contention would have some force if the plaintiff had merely used the Nevada decree as the basis for obtaining an ordinary money judgment for accrued installments of alimony in an action at law against petitioner. In such case the language quoted by petitioner from *In re Williams' Estate*, 118 N. Y. Supp. 562, would be applicable. The court there said at page 565: "From these authorities it would appear that when the claimant saw fit to transfer her claim, which was in judgment in the state of South Dakota, to a suit at law in the state of New York, and recover judgment thereupon, the judgment obtained was simply a mere money judgment, and said judgment was enforceable, not as a judgment in alimony, as the original judgment in South Dakota could be enforced, but simply as a money judgment, similar to a judgment *ex contractu.*" But here the plaintiff did not seek a mere money judgment, but sought and obtained a judgment whereby the Nevada decree was "established herein as a foreign judgment". For the purpose of enforcement in this state, we believe that the respondent court properly treated its own judgment, based upon and establishing the Nevada judgment, in the same manner as an original award of alimony by the respondent court. The language used in *Cummings* v. *Cummings, supra,* supports this view. The court there said at page 151: "While the question seems to be a new one in this state, yet there is respectable authority in other states to support the doctrine that a judgment for alimony of a sister state may be enforced in the same manner that it could have been enforced if originally obtained here." This question is discussed at some length in *Fanchier* v. *Gammill*, 148 Miss. 723 [114 South. 813, 814], and the court came to the conclusion that "a decree for alimony granted by a foreign court may be established and enforced by and through the equity courts of our state", and that such judgment "with its peculiar right of enforcement, as one for alimony, should be established and enforced by the equity courts of our state in the same manner, and to the

same extent, as it could have been enforced by our court if originally obtained in our state''.

We are therefore of the opinion that the respondent court did not exceed its jurisdiction in ordering petitioner to show cause why he should not be punished for contempt. The alternative writ of prohibition is discharged and the petition denied.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 24, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1932.