—————— McPARTLAND, Plaintiff, *v.* ————— McPARTLAND, Defendant.*

Supreme Court, Kings County, December 23, 1932.

*Delatour, Kennedy & Miller*, for the plaintiff.

*Anton Weidmann*, for the defendant.

NORTON, J.   Heretofore defendant was ordered to pay $15 per week for the support of his wife and child during the pendency of the action, and in addition thereto a certain sum for the engagement of the wife's counsel.   Upon his failure to comply with the order, he was adjudged in contempt of court, and on July 24, 1932, he was committed to the county jail of Queens county.   Under the applicable provisions of law, the period for which he was incarcerated under the foregoing order expired on October 24, 1932.   During the time of his imprisonment, however, he failed further to comply with the order awarding alimony, and again he was adjudged in contempt of court and his stay in jail was continued.   While thus languishing in jail, an *ex parte* order of arrest was made upon the ground that he was about to leave the jurisdiction, and it was directed that he be confined until he had posted a bail bond in the sum of $2,500. A motion, companion to the present, was made to vacate the order of arrest, and such motion has been herewith disposed of.   Defendant alleges upon the present application that he has been unable to

* See, also, 146 Misc. 674.

comply with the order directing the payment of alimony. He, therefore, seeks an order relieving him of any obligation to make payment of alimony from the time he was originally committed on July 24, 1932, until such time as he may be discharged from jail. Whatever may be the merit of the present application, I am without power to grant the relief sought with respect to alimony which has heretofore accrued.

Under a rule of law, considered by many to be archaic, where a husband has been incarcerated for his failure to pay alimony, during such period of confinement the amounts due under the original order continue to aggregate. Because of the fact that such is the rule, a defaulting husband may have his liberty curtailed for successive periods. During that time he is necessarily deprived of earning capacity, without, however, being allowed any abatement of the obligation currently to pay alimony. Where the husband is thus confined, by invoking section 775 of the Judiciary Law, he may seek to have the court exercise its discretion in ordering his release upon the ground that he is unable to perform the act or duty required by the original order. He may also invoke the doctrine enunciated in *Barrett* v. *Barrett* (221 App. Div. 710) in opposition to a demand that his imprisonment be continued. Under the doctrine set forth in the latter case, the court in its discretion may refuse to punish a husband for failing to pay alimony where the circumstances justify the exercise of such discretion. However, there is no power in the court to suspend the effectiveness of any order with respect to alimony which has become due. "These past due sums have become vested rights of property in the plaintiff which the Supreme Court has no power to take from her." (*Harris* v. *Harris*, 259 N. Y. 334, 337.) (See, also, *Brice* v. *Brice*, 225 App. Div. 453; *Krauss* v. *Krauss*, 127 id. 740; *Parkinson* v. *Parkinson*, 222 id. 838.)

It is true that upon a proper showing of financial stringencies a husband may move the court to modify the order awarding alimony by reducing the amount payable in future. Such affirmative move on the part of the husband may be, however, a matter of practical impossibility, if in the meantime he is confined behind prison bars. The engagement of counsel for any purpose whatever ordinarily requires the payment of a fee, and there may well be no fund available for such motion if the defendant is in the meantime deprived of earning capacity by virtue of his confinement. In consequence, the alimony continues to aggregate and become a vested right from which the court cannot relieve. His failure to pay the same may be the basis for his further incarceration for a possibly indefinite duration. I do not view a matter of this character with

any degree of mere sentimentality. Quite to the contrary, it is much more than that, since depriving a person of his liberty for long periods of time because he has been adjudged a civil offender must be regarded as a serious proposition. Possibly there may come a time when ameliatory legislation will remedy an otherwise archaic rule of law under which alimony is allowed to continue during the husband's imprisonment, irrespective of the merits of the situation. The defendant's application, in so far as it seeks relief from the payment of any alimony which has heretofore accrued, must in consequence be denied. However, the relief prayed for in the order to show cause and the facts upon which it is predicated are sufficient to justify an exercise of the court's discretion by way of modification of the order with respect to future payments. Certainly while defendant languishes in jail he is an economic waste and cannot be expected to meet current obligations either with respect to his own support or for the maintenance of any other person. In consequence, under the order to be entered herein, the original order awarding alimony will be modified to the extent that defendant will not be required to pay alimony during the further pendency of his confinement.