[Civ. No. 9646. First Appellate District, Division Two.—October 10, 1935.]

VIRGINIA KIFT BARNS, Appellant, v. FREDERICK BALSTON BARNS, Respondent.

Theodore M. Monell for Appellant.

Frank V. Campbell and L. H. Schellbach for Respondent.

SPENCE, J.—Plaintiff is the wife of defendant and she previously brought an action in the state of New York to obtain a decree of separation from defendant. Plaintiff prevailed in the New York action and judgment was entered in November, 1932. It provided, among other things, "that defendant pay to the plaintiff the sum of Twenty-Five ($25.00) Dollars per week, as permanent alimony, from the date of the judgment herein for the support and maintenance of said plaintiff during her natural life. That in case any event shall occur, materially changing the circumstances or conditions of the said parties, or either of them, an application may be made, on the foot of this judgment, by any party in interest, for such modification or annulment of the provisions of this judgment touching the said allowance for support, as may be just." It was further decreed "that the defendant pay to the plaintiff the sum of Six hundred and twenty-five dollars ($625.) the amount of the unpaid temporary alimony at the rate of Twenty-five ($25.) dollars per week from the 1st day of June, 1932, to the 23rd day of November, 1932, and also the sum of Two hundred and fifty ($250.) Dollars as the unpaid counsel fees and the sum of $146.05 costs and disbursements as taxed, making in all the sum of $1021.05 and the said plaintiff have execution therefor". In June of 1933, pursuant to the practice in the state of New York, said plaintiff obtained another judgment in the New York action in the sum of $725 for the accrued and unpaid alimony from November 23, 1932, to June 14, 1933. No appeal was taken from either of said judgments nor had said judgments ever been modified in any manner.

Thereafter plaintiff brought the present action to enforce said judgments in this state. Her complaint was in two counts. The judgment first above mentioned was the basis of the first count and the judgment second above mentioned was . the basis of the second count. The prayer of the complaint was for a money judgment in the sum of $1746.05 with interest. It will be noted that said sum was the total amount calculated by adding the sum of $1,021.05 mentioned in the first judgment and the sum of $725 mentioned in the second judgment. The answer of defendant made certain denials and set up certain alleged affirmative defenses for the purpose of seeking a modification or annulment of said judgments. A motion was also made for that purpose, which motion was heard at the time of the trial. The cause was tried by the court sitting without a jury and the trial court found that plaintiff had obtained the judgments as alleged and that no part of said judgments had been paid but it denied any recovery to plaintiff except for the sum of $396.05, together with interest, being the amount allowed by the New York court for counsel fees and costs. The trial court also made certain findings with respect to the facts alleged by defendant in seeking a modification or annulment of the New York judgments, and included in its judgment the following provisions: "It is ordered, adjudged and decreed that all orders and judgments for the payment of Twenty-five ($25.00) Dollars per week as temporary and/or permanent alimony, made by the Supreme Court of the State of New York, in and for the County of New York, in an action entitled 'Virginia Kift Barns, Plaintiff, vs. Frederick Balston Barns, Defendant', numbered 7833, in said Supreme Court of the State of New York, in and for the County of New York, be and the same are hereby annulled as to all instalments accrued thereunder, and as to all future instalments; and the order of said Supreme Court of the State of New York, in and for the County of New York, made on the 23rd day of November, 1932, is hereby annulled except as to the provisions therein for the payment of counsel fees and costs; and the order or judgment of June 21st, 1933, made by said Supreme Court of the State of New York, in and for the County of New York, in said action, is hereby annulled." Plaintiff appeals from all of the portions of said judgment except that portion award-

ing her the amount specified for counsel fees and costs in the New York judgment of November, 1932.

Appellant contends that the trial court erred in annulling the judgments of the New York court and in failing to enter judgment in favor of appellant. There can be no question about the soundness of appellant's contention in so far as accrued alimony is concerned. The right to the accrued alimony under the New York judgments was a vested right and said judgments were to that extent enforceable as any other final judgment entitled to the protection of the full faith and credit clause of the federal Constitution. (Art. IV, sec. 1, Constitution of the United States; *Bruton* v. *Tearle*, 117 Cal. App. 696 [4 Pac. (2d) 623]; *Cummings* v. *Cummings*, 97 Cal. App. 144 [275 Pac. 245]; *Rinkenberger* v. *Rinkenberger*, 99 Cal. App. 45 [277 Pac. 1096]; *Creager* v. *Superior Court*, 126 Cal. App. 280 [14 Pac. (2d) 552]; *Sistare* v. *Sistare*, 218 U. S. 1 [30 Sup. Ct. 682, 54 L. Ed. 905, 20 Ann. Cas. 1061, 28 L. R. A. (N. S.) 1068]; *Harris* v. *Harris*, 259 N. Y. 334 [182 N. E. 7]; *Krauss* v. *Krauss*, 127 App. Div. 740 [111 N. Y. Supp. 788]; *Brice* v. *Brice*, 225 App. Div. 453 [233 N. Y. Supp. 366]; *Van Horn* v. *Van Horn*, 196 App. Div. 472 [188 N. Y. Supp. 98]; *McPartland* v. *McPartland*, 146 Misc. 672 [261 N. Y. Supp. 844].) We are also of the opinion that appellant's contention that the trial court erred in annulling the New York judgment with respect to future instalments must be sustained. The authorities clearly indicate that such judgment should be treated as final by the courts of other states until modified in the state of its origin. (*Little* v. *Little*, 146 Misc. 231 [262 N. Y. Supp. 654]; *Van Horn* v. *Van Horn, supra; Goldberg* v. *Mayer*, 243 App. Div. 477 [277 N. Y. Supp. 799]; *Paulin* v. *Paulin*, 195 Ill. App. 350; *Levine* v. *Levine*, 95 Or. 94 [187 Pac. 609]; *Trowbridge* v. *Spinning*, 23 Wash. 48 [62 Pac. 125, 83 Am. St. Rep. 806, 54 L. R. A. 204]; *Holton* v. *Holton*, 153 Minn. 346 [190 N. W. 542, 41 A. L. R. 1415]; *Matson* v. *Matson*, 186 Iowa, 607 [173 N. W. 127].) In *Paulin* v. *Paulin, supra*, the court said at page 352: "True it is that every decree for alimony is subject to be varied at a subsequent time by the court entering the decree, yet no other court can disturb it, and until such court does so, it remains fast, firm and final." In *Levine* v. *Levine, supra*, the court said at page 615 [187

Pac.] : "But until the decree is modified in the state of its origin it is to be treated as a final judgment."

The confusion which would result from the adoption of any other rule is suggested in *Little* v. *Little, supra,* where the court said at page 655 [262 N. Y. Supp.] : "If the courts of each state in which plaintiff may be compelled to seek the enforcement of the Illinois decree, by reason of the defendant's removal from state to state, could each fix the alimony to be paid by the defendant in such amounts as they might respectively deem proper, a defendant might be compelled to pay varying amounts of alimony in various states, a result which is certainly not to be favored." The court therefore concluded that "The proper remedy of the defendant would seem to be to obtain a modification in the courts of the state in which the judgment of divorce was originally rendered."

The portions of the judgment appealed from are reversed with directions to the trial court to enter judgment in favor of plaintiff.

Nourse, P. J., and Sturtevant, J., concurred.