[Civ. No. 6040. Third Appellate District.—May 2, 1939.]

ALICE WILD HANDSCHY, Respondent, v. FREDERICK W. HANDSCHY, Appellant.

Charles F. Adams for Appellant.

Paul A. Tschirgi for Respondent.

HELD, J., *pro tem.*—Defendant appeals from a judgment rendered against him in this action, wherein plaintiff seeks to recover the amount unpaid at the time of the commencement of the action on a judgment for separate maintenance rendered by the Circuit Court of Cook County, State of Illinois, on the 9th day of January, 1926. That judgment required that defendant pay to plaintiff for the support and maintenance of herself and Frederick Wild Handschy and Dorothy Ann Handschy, the minor children of the parties, the sum of $3,000 per annum, commencing December 29, 1925, said sum to be paid in semi-monthly instalments of $125 each, in advance, on the first and fifteenth days of each month. Said minor children became of age in September, 1927, and in June, 1933, respectively.

The pleadings herein on the part of defendant are somewhat involved. The answer originally filed admits the allegations of the complaint that an action was instituted in Illinois, and that defendant had personally submitted himself to the jurisdiction of that court. That answer also admits certain portions of the complaint by reference to page and line, but without reference to the original files the portions so admitted cannot be identified. In the original answer defendant denies the allegations of the complaint that the Illinois judgment had not been modified, and denies also that defendant owes plaintiff any sum whatever on said judg-

ment. Several special defenses are also set up in the answer. One alleges that defendant was granted a decree of divorce from plaintiff on the 20th day of January, 1930, by the civil court of the Bravo district, city of Juarez, state of Chihuahua, United Mexican States, in the Republic of Mexico. A further special defense alleges that by agreement of the parties, the Illinois judgment was modified in respect to the sums to be paid thereunder. The bar of the statute of limitations is also invoked, and finally, defendant alleges facts which, if presented to the proper forum, and established, might justify a modification of the original judgment.

On January 20, 1936, the day of trial, defendant filed certain amendments to his answer, the principal effect of which was to eliminate the reference made in the original answer to the Mexican divorce, and to add as a further defense, an affirmative cause of action designated as one for declaratory relief. The allegations, however, were entirely insufficient to warrant a declaratory judgment.

The action was thereupon tried on January 20, 1936, and the trial court at the conclusion of the trial announced its decision in favor of plaintiff. On January 27, 1936, plaintiff served upon defendant, and on February 1, 1936, defendant served upon plaintiff, findings proposed by the respective parties. The settlement of findings came before the court on February 20, 1936, and on that day defendant filed an amended answer, seeking a declaratory judgment, denying that any sum was owing under the Illinois judgment, and otherwise admitting all the allegations of the complaint. On February 25, 1936, another answer was filed, identical in language with the answer of February 20, 1936. On February 27, 1936, the court filed its findings, and on the same day judgment was entered in accordance therewith, in favor of plaintiff for $7,434 and interest.

■ Appellant complains of the refusal of the court to grant him declaratory relief. Unless an abuse of discretion is shown, the determination of the trial court that the case is not a proper one for such relief, will not be disturbed upon appeal. (5 Cal. Jur. Ten-year Supp., p. 109; *Sunset Scavenger Corp.* v. *Oddou,* 11 Cal. App. (2d) 92 [53 Pac. (2d) 188].) We see no such abuse of discretion here.

At the time of trial, no sufficient pleading on the part of defendant, seeking declaratory relief, had been filed, and the

issues before the court then were, first, whether there had been a modification of the Illinois judgment by agreement of the parties, the extent to which the judgment remained unpaid, and whether enforcement of the judgment was barred by the statute of limitations. On the trial, no evidence was presented to establish that the parties ever agreed to a modification of the Illinois judgment, and on this appeal the plea of the statute of limitations is not urged.

It is well settled that an action such as this will lie in this state. In the recent case of *Dreesen* v. *Dreesen*, 31 Cal. App. (2d) 479 [88 Pac. (2d) 223], plaintiff sought to recover in California on a judgment rendered in her favor and against defendant by the court of common pleas of Allegheny County, Pennsylvania, for accrued alimony, following an award *pendente lite* in an action brought by plaintiff, in which action she sought a divorce *a mensa et thoro*. The defendant contended that because the Pennsylvania court, in the final disposition of the divorce action, which was still pending, might modify the judgment for alimony, that judgment was not such a final judgment as to entitle plaintiff to sue upon it in California under the full faith and credit clause of the Constitution of the United States. In answer to this contention, the court here recognized a divergence of opinion in the various jurisdictions, but held that in California is followed the majority rule, as it is stated by the Supreme Court of the United States in *Sistare* v. *Sistare*, 218 U. S. 1 [30 Sup. Ct. 682, 54 L. Ed. 905, 20 Ann. Cas. 1061, 28 L. R. A. (N. S.) 1068]. There the court said:

"Generally speaking, where a decree is rendered for alimony and is made payable in future instalments, the right to such instalments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments, since, as declared in the Barber Case, (21 How. 582 [16 L. Ed. 226]) 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is'. Second, that this general rule, however, does not obtain where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the

decree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the instalments becoming due.''

The Sistare case was a suit brought in Connecticut for the recovery of matured and unpaid instalments of alimony under a decree of the Supreme Court of the State of New York. The New York statute provided that a decree for alimony could be modified by the court at any time on the application of either party, on notice. The United States Supreme Court construed this provision as not authorizing the modification of the decree as to instalments of alimony which had accrued prior to the application to have it varied or modified. The court said ''every reasonable implication must be resolved against the existence of such power, in the absence of clear language manifesting an intention to confer it.'' It was held there also that the implication which arises from the failure to expressly confer authority to retroactively modify an allowance of alimony is fortified by the provisions which are expressed, and that a provision that instalments as they accrue might be enforced by execution, indicated that the right to alimony became vested as the instalments matured. In the case now before the court, the Illinois judgment provides that ''in case of default in the payment of said installments of money as the same becomes due, or the costs herein, that execution issue therefor.'' This language would in itself indicate that the right to each instalment of alimony became vested at the time such instalment fell due. The decree of the Illinois court contains no language manifesting an intention to retain in the court there the power to modify or change the allowance after it became due. In *Craig* v. *Craig*, 163 Ill. 176 [45 N. E. 153], the Supreme Court of Illinois, holding it error to set aside and cancel alimony already accrued, said:

''The amount of such alimony was a debt due from the defendant James R. Craig to the beneficiary in the decree, and the latter had had a vested property right therein, which the court was not authorized to take away from her.''

To the same effect is *Britton* v. *Chamberlain*, 234 Ill. 246, [84 N. E. 895].

It follows that the law of Illinois, as well as the decree in this case, gave to plaintiff herein a vested right in the in-

stalments of alimony as the same became due. To enforce that vested right, plaintiff may sue herein. (*Cummings* v. *Cummings,* 97 Cal. App. 144 [275 Pac. 245]; *Rinkenberger* v. *Rinkenberger,* 99 Cal. App. 45 [277 Pac. 1096]; *Barns* v. *Barns,* 9 Cal. App. (2d) 427 [50 Pac. (2d) 463]; *Wallace* v. *Wallace,* 111 Cal. App. 500 [295 Pac. 1061]; *Parker* v. *Parker,* 203 Cal. 787 [266 Pac. 283]; *Keck* v. *Keck,* 219 Cal. 316 [26 Pac. (2d) 300]; *Barber* v. *Barber,* 21 How. 582 [16 L. Ed. 226].)

■ Appellant contends also that as the children became of age the amount of the alimony award was *ipso facto* reduced to the extent that the same provided for their maintenance and support, and that the trial court erred in refusing to allow him credit accordingly, although no modification had been made of the decree by the Illinois court. No authority is cited by appellant in support of his contention, nor have we found any. There are cases wherein accrued instalments of an award for support and maintenance for wife and minor children were canceled, the wife having remarried and the children become of age, but in those cases it is clear that the remarriage of the wife was the principal factor considered by the court, it being held that to require a husband to pay for the support and maintenance of his divorced wife, following her remarriage to another, would in the absence of extraordinary conditions, violate a sound principle of law and be against a recognized public policy. (*Hale* v. *Hale,* 6 Cal. App. (2d) 661 [45 Pac. (2d) 246]; *Atlass* v. *Atlass,* 112 Cal. App. 514 [297 Pac. 53].) While it is true that the obligation of a father to support his child ordinarily terminates with minority (*Tremper* v. *Tremper,* 39 Cal. App. 62 [177 Pac. 868]), it is not against public policy to require him to support an adult child. (*Lewis* v. *Lewis,* 174 Cal. 336 [163 Pac. 42]; *Paxton* v. *Paxton,* 150 Cal. 667 [89 Pac. 1083].) Indeed our statute provides for such support in a proper case. (Civ. Code, sec. 206.)

■ Appellant's contention that he should be allowed credit for amounts accruing after the children became of age assumes jurisdiction in the courts of this state in effect to modify the terms of the Illinois judgment. This cannot be done. This action is not one to establish a foreign judgment in this state for the purpose of enforcing it as a continuing judgment in this jurisdiction, as was the case in *Creager* v.

*Superior Court,* 126 Cal. App. 280 [14 Pac. (2d) 552], and in *Palen* v. *Palen,* 12 Cal. App. (2d) 357 [55 Pac. (2d) 228]. Plaintiff herein merely uses the Illinois decree as the basis for obtaining an ordinary judgment for accrued instalments of alimony in an action at law against defendant. The judgment here obtained is a mere money judgment, and enforceable not as a judgment in alimony as the original judgment in Illinois could be enforced, but simply as a money judgment, similar to a judgment *ex contractu.* (*Creager* v. *Superior Court, supra.*)

The judgment rendered by the Illinois court was based upon the circumstances as they appeared to the court at that time, and its terms remain effective until that court determines that those circumstances are so altered that a modification of the decree is proper. As was said in *Paulin* v. *Paulin,* 195 Ill. App. 350, and quoted with approval in *Barns* v. *Barns, supra:*

''True it is that every decree for alimony is subject to be varied at a subsequent time by the court entering the decree, yet no other court can disturb it, and until such court does so, it remains fast, firm and final.''

This is so, because as was said by the Supreme Court of Illinois in *Barclay* v. *Barclay,* 184 Ill. 375 [56 N. E. 636, 51 L. R. A. 351]:

''An attempt to do so by such other court would bring about a conflict of authority, and a condition of chaos with reference to questions of this character, because no other court would have before it the facts with reference to such change in conditions and as to such original right of the parties.''

In *Little* v. *Little,* 146 Misc. 231 [262 N. Y. Supp. 654], the court in refusing to change an alimony decree said:

''The proper remedy of the defendant would seem to be to obtain a modification in the courts of the state in which the judgment of divorce was originally rendered.''

It follows that, there having been no modification of the Illinois court of its decree, the plaintiff is entitled to recover according to its terms the amount that had accrued at the time of the commencement of this action, and that remained unpaid.

The judgment is affirmed.

Tuttle, J., and Pullen, P. J., concurred.