[No. 13110. Department One. March 28, 1916.]

JESSE CAIN, *Appellant*, v. REBECCA J. CAIN, *Respondent*.[1]

DIVORCE—ALIMONY—MODIFICATION—DISCRETION—REVIEW. The refusal to modify an award of alimony will not be. disturbed on appeal unless abuse of discretion is clearly shown.

Appeal from an order of the superior court for King county, Dykeman, J., entered June 1, 1915, denying a petition to modify a decree of divorce. Affirmed.

*H. E. Foster*, for appellant.

*Vince H. Faben*, for respondent.

CHADWICK, J.—The parties to this proceeding were divorced May 16, 1914. The custody of their infant child was given to the mother. Certain real property and an award of $25 per month was granted as alimony. Appellant brought this action asking for a modification of the decree to the extent that he be not required to make further payments of alimony, and that he be given the custody of the child. He alleges that the original allowance of alimony was excessive; that the wife is now earning $42 per month

[1]Reported in 156 Pac. 403.

as telephone operator; that of the $25 payment, she only devotes a small share to the care of the child; that the wife has not a good disposition and seems not to care for the child; that the maternal grandparents, in whose care the child now is by the direction of the wife, "will, in all respects, furnish the child a good home," but that it is not convenient for him to visit the child more often than once a week at its present abode.

Resorting to appellant's petition, it would seem that respondent has an income, including the alimony, of $67 a month with which to maintain herself and child, and that the child is being well cared for by its maternal grandparents.

For obvious reasons, the appellate court will not modify a decree of this character unless there has clearly been an abuse of discretion on the part of the trial court. *McCord v. McCord*, 24 Wash. 529, 64 Pac. 748; *Chappell v. Chappell*, 45 Wash. 652, 89 Pac. 166; *State ex rel. Clark v. Superior Court, ante* p. 80, 155 Pac. 398.

Affirmed.

MORRIS, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.