[No. 17872. Department One. June 22, 1923.]

MYRTLE HODGE, *Appellant,* v. GEORGE HODGE, *Respondent.*[1]

DIVORCE (75)—DECREE—ALIMONY—POWER TO MODIFY. The superior court has jurisdiction to modify an absolute decree of divorce awarding permanent alimony, where there was a minor child provided for, notwithstanding there was no reservation in the decree as to the making of subsequent orders.

Appeal from an order of the superior court for Pierce county, Chapman, J., entered November 6, 1922, modifying a decree of divorce respecting alimony and purging defendant of contempt after a hearing to the court. Affirmed.

*Ralph Woods,* for appellant.

MACKINTOSH, J.—This is an appeal from an order modifying a decree of divorce in so far as it relates to allowance of alimony and support money, and purging the respondent of contempt for failure to pay the amount provided in the original decree.

The parties to this action were divorced in November, 1920, and an allowance of forty dollars a month was made for the "support of the plaintiff and her family;" her family consisting of a minor child. The respondent fell far short on the payments required by the decree, and was brought into court by an order to show cause why he should not be punished for such failure. In response to the order, he asked for a modification of the amount of alimony and support money on the ground that he was financially unable to meet the requirements of the decree.

A re-examination of the testimony produced does not cause us to differ in our judgment from that of

[1]Reported in 215 Pac. 1044.

the trial court, who excused the respondent's non-compliance. It is urged, however, that the court was without authority to modify the decree for the reason that it was absolute and that no revisory control was reserved therein. This court, in *Ruge v. Ruge,* 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F 721, held that, where the decree of divorce is absolute and there are no minor children and permanent alimony is awarded, the court, in the absence of a reservation to subsequently make further orders, has no power to change or modify the decree to meet altered conditions, after the time limited by the statute for the modification of judgments. This case, however, does not fall within that rule, for here there was a minor child, and, as held in the *Ruge* case, in classification three of that opinion, "The court, therefore, acting upon this relationship as one of the things brought to it by the divorce action, has the power to modify or alter its decree so long as there are minor children under the protection of the court."

The case of *Anderson v. Anderson,* 97 Wash. 202, 166 Pac. 60, referred to by the appellant, states no rule different from that contained in the *Ruge* case, although there is some language in the *Anderson* opinion which might be given a slightly different interpretation.

For the reasons stated, the judgment is affirmed.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.