[No. 20849. Department Two. February 20, 1928.]

GRACE MAY COOPER, *Respondent,* v. WILLIAM LEON COOPER, *Appellant.*[1]

[1] DIVORCE (75)—ALIMONY—MODIFICATION OF DECREE. A decree in a divorce case awarding the wife $25 per week "for her support and maintenance," to cease "upon her remarriage," and making it a lien upon the husband's property, is a "property settlement" which the trial court has no power to modify.

Appeal from a judgment of the superior court for King county, Frater, J., entered June 1, 1927, upon findings in favor of the plaintiff, in proceedings for modification of the alimony provisions of a decree of divorce. Affirmed.

*Louis E. Shela,* for appellant.

*Robert A. Devers,* for respondent.

ASKREN, J.—Appellant instituted this proceeding to have the court modify the original decree in a divorce proceeding and relieve him from the burden of paying the sum of twenty-five dollars per week to the respondent. Appellant alleged a change of condition and set up facts which we will assume were sufficient, if es-

[1]Reported in 264 Pac. 1.

tablished, to justify the court in modifying the decree, if it had power so to do.

At the time of the divorce, the custody of the minor child of the parties was awarded to the respondent. She was also given certain real property and an allowance of twenty-five dollars per week. Whether this allowance was for the support of the minor child or for the respondent as a property settlement is the pivotal question in the case. The trial court held it to be a property award and, deeming itself without jurisdiction, dismissed the action. Our decisions uphold the view, and it is so conceded by appellant, that if the allowance was a property settlement, the court had no power to change it. *Ruge v. Ruge,* 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F 721. The material parts of the decree are as follows:

"It is further ordered, adjudged and decreed, that the custody of William Morris Cooper, the son of the parties to this action, be and the same hereby is awarded to the plaintiff, subject, however, to the right of the defendant to see and have said child at any and all reasonable times, defendant to contribute to the support and education of said child until the further order of this court. . . .

"It is further ordered, adjudged and decreed, that plaintiff have and recover of and from the defendant and his estate, the sum of $25 per week (to cease in case of her remarriage) for her support and maintenance, payable on the first day of each and every week, and that the said amount awarded shall be lien upon the property of the defendant. . . .

"It is further ordered, adjudged and decreed that the defendant be and he hereby is directed and required to pay the plaintiff on the first day of each and every week hereafter, (unless plaintiff shall remarry) the sum of $25 as alimony, and to pay to the Prudential Life Insurance Company the premiums upon said policy until the same shall mature and assign said policy to the plaintiff."

**[1]** It will be seen, by the first paragraph set out above, that the "defendant (is) to contribute to the support and education of said child until the further order of this court." No provision for the amount of support appearing anywhere else in the decree, appellant urges that it was the intention of the court to make the allowance of twenty-five dollars a week as support for the minor. It is said that such an award is so customary and universal that it would do violence to established rules of construction of judgments to hold that the court decided that the appellant should contribute to the minor's support and then make no allowance therefor, but did make a weekly allowance for the wife. The argument is fairly persuasive and should have controlling force and effect, if the other provisions of the decree did not negative this construction. This we are impelled to think they do.

In the second cited paragraph, the provision for twenty-five dollars per week is said to be "for her support and maintenance"; that it is "to cease in case of her remarriage", and that the amount awarded should be a "lien upon the property of the defendant."

In the last paragraph, the allowance is referred to as alimony, and provision is again made that the payments are to cease if respondent shall remarry. It would be difficult to find words better calculated to show that this award was for the wife. The provision that the payments should cease in case of remarriage is all but conclusive upon this point. The duty of a father to support his child, even after its mother's remarriage to a third person, is not open to question, and we can hardly believe that the trial court intended to give support for the minor child, but provided that it should stop upon the mother's remarriage. The provision that the allowance should be a lien on the appellant's property is one found so often in property

awards that it lends further support to the conclusion that it was so intended by the trial court.

The judgment is affirmed.

Mackintosh, C. J., Main, Fullerton, and Holcomb, JJ., concur.