[No. 21830. Department One. August 28, 1929.]

Rose E. Rehberger, *Respondent*, v. Charles Rehberger, *Appellant*.[1]

*G. E. Peterson* and *Leonard E. Top,* for appellant.

*Frank P. Christensen,* for respondent.

Fullerton, J.—The appellant and respondent were formerly husband and wife. On April 19, 1927, the wife instituted an action for divorce against the husband, basing the action upon the statutory causes of abandonment and nonsupport. In this complaint, no relief was sought against the husband other than an absolute divorce, with costs and attorney's fees. On June 21, 1927, the wife filed in the cause an amended complaint. In this complaint, she sought the additional relief of thirty dollars per month as permanent alimony. Both complaints were personally served upon the husband, the first shortly after the institution of the action, and the second shortly after it was filed.

[1] Reported in 280 Pac. 8.

The husband defaulted in the action, and the court before which the action was pending heard the evidence of the wife and granted an interlocutory decree in accordance with the relief sought in the amended complaint. On January 25, 1928, the court entered an absolute decree, in which the award of alimony was specially confirmed.

The husband paid the costs and attorney's fees adjudged against him, and paid the accruing alimony down to June 6, 1928. On that day, he filed a petition in the cause in which he sought a modification of the decree in so far as it made an award of alimony. As grounds for a modification, he alleged that, prior to the institution of the divorce action, he entered into a property agreement with the respondent by the terms of which he agreed to pay the costs of the divorce proceeding, convey to her his interests in the community property the parties then owned, and that she in turn agreed to take an absolute divorce, without further claims upon him of any sort. A trial was had on the allegations of the petition, at the conclusion of which the court entered a judgment dismissing it.

The argument of the parties has taken a somewhat wide range, but we find it unnecessary to follow them at length. It will be noted that the decree is absolute in form; that it contains no reservation of power to modify it in any of its aspects; and that there are not any of the other elements present which the courts have held to imply such a reservation of power to modify. In such a case, a decree of divorce has all of the finality of any other judgment, and can be successfully attacked only on grounds which will warrant an attack on judgments of a court generally. *Ruge v. Ruge*, 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F 721.

The nearest approach the allegations of the petition make to any of the recognized causes for such

an attack, is fraud practiced by the successful party in obtaining the judgment. But treating the petition as sufficient in this respect, we cannot conclude that the fraud was proven. The proof of the contract alleged rests on the testimony of the petitioner, and the respondent flatly denies that any such contract was entered into. More than this, the filing and service upon him of the amended complaint sufficiently informed him that the wife either did not understand the agreement as he understood it, or had elected to repudiate it. With this warning, it was his duty to appear and defend in the action if he was not content with a decree entered in accordance with the allegations and prayer of the complaint. Again, he did not appear and attack the decree until long after he discovered its nature, and in the meantime paid the alimony as it accrued. On either or both of two considerations, therefore, the judgment of the trial court is justified; the evidence does not preponderate in favor of the appellant, and he has been negligent and dilatory in seeking relief.

The judgment is affirmed.

TOLMAN, HOLCOMB, BEALS, and FRENCH, JJ., concur.