[No. 23768. Department Two. July 15, 1932.]

ALBERT A. COOK, *Appellant*, v. NELLIE M. COOK, *Respondent*.[1]

*Howard A. Adams,* for appellant.
*Altha P. Curry,* for respondent.

[1]Reported in 13 P. (2d) 38.

Main, J.—This was an application to the superior court to modify the alimony provision in a divorce decree. After a hearing, the court entered an order denying the application, from which the plaintiff appeals.

The appellant, Albert A. Cook, and the respondent, Nellie M. Cook, were married August 11, 1907. As the result of this marriage, two children were born, a boy and a girl. On or about July 22, 1927, the appellant brought an action for divorce against the respondent, and the latter presented a cross-complaint in which she sought a divorce from the appellant. The trial resulted in a decree, in which each of the parties was granted a divorce from the other. The custody of the children, the son being then eighteen years of age and the daughter fifteen, was awarded to the respondent.

The decree awarded to the respondent the sum of forty dollars per month alimony and the home which the parties owned, of the value of approximately $2,500, subject to a mortgage of $800, upon which the payments were $22.57 per month. The appellant was awarded the Ford automobile, and was required to pay certain community obligations of minor importance. The interlocutory decree was entered December 12, 1927, and the final decree August 7, 1928.

At the time the divorce action was heard, the boy was gainfully employed, and turned his wages, except what he needed for incidental expenses, over to his mother, the respondent. The appellant at that time was earning $115 per month. January 16, 1930, in response to an application made by the appellant for modification of the alimony provision of the divorce decree, and after a hearing, an order was entered in which the alimony was reduced from forty dollars per month to thirty dollars per month. The daughter at this time was in the Washington Girls Home at Everett, and

the appellant was required to pay ten dollars per month to this institution so long as she remained there.

The present application for modification was made on or about September 8, 1931. Prior to this time the daughter had left the institution, above mentioned, and had married, and at the time the son had attained the age of twenty-two years. The appellant at this time was employed in the street department of the city of Seattle, as he had been at the time of the divorce decree, and was earning $125 per month, out of which he paid the sum of $5.64 into the old age pension fund.

Sometime prior to the time the second application for modification was made, the respondent had been seriously injured in an automobile accident, and had incurred a doctor's bill to the extent of $150, which had not been paid at the time of the hearing. As a result of this accident, the respondent's earning capacity had been somewhat impaired. January 19, 1930, the appellant had remarried, and, at the time of the hearing upon the present application for modification, was supporting his wife and four small step-children. At the conclusion of the hearing on the application, the court entered an order which recited that the application for modification of the divorce decree "be, and the same is denied, without prejudice to plaintiff petitioning this court again in the matter." It is from this order that the appeal is prosecuted.

It is said that the circumstances and conditions of the parties have materially changed,

". . . in that the son has now attained his majority, the daughter has left home and become married, the mortgage on the house has been paid off, and lastly plaintiff has six to provide for instead of merely himself."

As to the son, he was self-supporting at the time the divorce decree was entered, as above indicated, and

there has been no material change so far as he is concerned. At the time of the modification upon the first application from forty dollars per month to thirty dollars, the daughter was in the institution above mentioned, and was not then being supported by the respondent. So far as her support is concerned, there has been no material change.

It is said that the mortgage on the house has been paid off; but we do not find that the evidence supports this contention. The testimony was that two payments on the mortgage were due and unpaid.

If there has been a material change in the conditions, it is by reason of the fact that the appellant has remarried, and is now supporting, in addition to himself, a wife and four small step-children. The fact that the appellant was married subsequent to the divorce decree does not relieve him from the obligations fixed by that decree. *State ex rel. Brown v. Brown,* 31 Wash. 397, 72 Pac. 86, 62 L. R. A. 974; *Smith v. Smith,* 139 Mich. 133, 102 N. W. 631. Where a divorced husband remarries, he owes a duty to his second wife, as well as to the former, that the law recognizes, and the court will make such adjustment as the relative necessities of the parties demand and the ability of the husband will warrant.

In *Herrett v. Herrett,* 80 Wash. 474, 141 Pac. 1158, it is said:

"The law recognizes marriage as a civil contract founded on public policy, and encourages it in the interest of morality. If, then, a divorced husband remarries, he owes a duty to his present wife as well as to the former relation that the law must recognize if it is consistent. While the first wife may have first consideration and her necessities will not be unreasonably curtailed, or her wants ignored, neither will the necessities or wants of the second wife be disregarded. The court should and will make such adjustment as

the relative necessities of the parties demand and the ability of the husband will warrant."

Whether the alimony provision of a divorce decree should be modified, is a matter that rests largely in the discretion of the trial court, and this court will not disturb the holding of the trial court unless there has been a clear showing of an abuse of that discretion.

In *Cain v. Cain*, 90 Wash. 402, 156 Pac. 403, it is said:

"For obvious reasons, the appellate court will not modify a decree of this character unless there has clearly been an abuse of discretion on the part of the trial court. [Citing authorities.]"

In the case now before us, the trial court denied the application without prejudice to the right of the appellant to again petition the court in the matter. Taking into consideration all the facts and circumstances, as above stated, and as they appear in the record, we cannot say that the trial court abused its discretion in denying the application for modification of the decree.

The order appealed from will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.