[No. 24598.  Department Two.  September 1, 1933.]
FRANCES M. HART, *Appellant,* v. OSCAR R. HART, *Respondent.*[1]

*Dore, Beeler & Haven* and *Edward Merges,* for appellant.

*Wingate & Suffel,* for respondent.

MAIN, J.—This is an appeal from an order of the superior court modifying a divorce decree as to the amount of alimony for the support of the wife and for the support, maintenance and education of a minor child.

May 23, 1920, Oscar R. Hart and Frances M. Hart were married.  As an issue of the marriage, one child, a girl, was born.  August 23, 1924, the parties were divorced by final decree.  In this decree, it was provided that the husband should pay the sum of one hundred and twenty-five dollars per month, payable on the first day of each and every month, commencing on the first day of March, 1924, "for permanent ali-

[1]Reported in 24 P. (2d) 620.

mony for her support [the wife], and for the support, maintenance and education of Jean Shirley Hart, the minor child of these parties.'' From the time of the entry of the decree until the month of May, 1932, a period of approximately eight years, the alimony and support money provided for in the decree were promptly paid. Beginning with the month of May, 1932, and ending with the month of March, 1933, the alimony and support money were not paid in the full sum provided for in the decree, and at the latter date there was in arrears the sum of seven hundred and fifty dollars.

In May, 1933, an order was entered by the court requiring Mr. Hart to show cause why he should not pay the sum provided for in the divorce decree in full, and, failing to do so, why he should not be punished for contempt of court. To this show cause order, there was an appearance by answer and petition to modify the decree. To the petition, a demurrer was interposed and overruled. The cause was tried, and resulted in an order reducing the amount specified in the decree from one hundred and twenty-five dollars to fifty dollars per month. The provision made by which the seven hundred and fifty dollars delinquent could be paid was provided for in the order as suggested by the parties, and that feature of the case is not here involved. From that part of the order which reduced the amount to be paid from one hundred and twenty-five dollars to fifty dollars per month, Mrs. Hart appeals.

The first and principal question is whether the court had the power to modify the decree. It would appear from the language thereof, above quoted, that the amounts which should go to the appellant and to the child were not segregated. In the case of *Ruge v. Ruge*, 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F 721,

it was held that, where the decree of divorce is absolute and there are no minor children and permanent alimony is awarded, the court, in the absence of a reservation to subsequently make further orders, has no power to change or modify the decree to meet altered conditions after the time limited by statute for the modification of judgments. But where the decree for alimony is for the benefit of a minor child or children, the power to modify a decree continues so long as the minor children are under the protection of the court. In this case, the minor child was under the protection of the court, and the alimony provided for in the decree was for her benefit as well as that of her mother.

In the case of *Hodge v. Hodge,* 125 Wash. 347, 215 Pac. 1044, there was one minor child, as here, and the divorce decree made an allowance of forty dollars a month for the "support of the plaintiff and her family." There being but one minor child, the family referred to in the decree necessarily meant that child. Subsequently, there was an application to modify the decree, as here, and it was held, upon the authority of the case of *Ruge v. Ruge, supra,* that the court had that power. Neither in the decree in that case nor in the decree in the case now before us was there any provision by which the court reserved jurisdiction to make further orders. There is no substantial distinction between the two cases.

It is said, however, that the case of *Hodge v. Hodge* was not well considered, because the question of whether the court had power to modify a divorce decree where the award is not segregated, showing what amount is to be given to the wife as alimony and what amount is to be given to the child for its support, was not there discussed. It is true that the opinion in the case does not specifically mention this question, but it was there involved, and the court held as already in-

dicated. We are of the opinion that the holding in that case was correct. It would be altogether too strict a rule to say that, where a minor child was involved and the amount which was to go to the wife as alimony and the amount to the child for support were not segregated, the court had no power to modify to meet changed conditions, whether it be to increase or decrease the amount.

The case of *Cooper v. Cooper,* 146 Wash. 612, 264 Pac. 1, is not out of harmony with either of the cases above cited. In that case, as stated in the opinion, the question was whether the allowance was for the support of the minor child or for the wife as a property settlement. The decree was there construed as being one not for support of the minor child, but as a property settlement, and after making this construction, it was held that the court had no power to modify, because jurisdiction had not been retained in the decree.

The case of *Kerr v. Kerr,* 59 Howard's Practice Reports (N. Y.) 255, upon its facts can be distinguished; but there is language in the opinion which is out of harmony with the holding in *Hodge v. Hodge, supra,* and with what has hereinbefore been said. In the *Kerr* case, at the time the application was made, the youngest child was twenty-four years of age, and the children were no longer wards of the court. Aside from this, we are not disposed to adopt the doctrine of that case.

The further contention is made that the reduction order was too drastic, and that the trial court had abused its discretion in that matter. Upon the trial, the respondent testified in detail as to his financial condition, earning power, ability or inability to pay. The trial court, while not making any formal findings of fact, at the conclusion of the trial orally expressed the view that it was satisfied with the truth

of the respondent's testimony. After considering all the testimony offered by the respective parties, we are of the view that the reduction was not too drastic, and that the trial court did not abuse its discretion. It would serve no useful purpose here to review the testimony in detail, and little help can be gotten from prior adjudicated cases, because each case of this kind must be determined by the facts and circumstances of the particular case in the light of well-established principles.

The judgment will be affirmed.

MITCHELL, TOLMAN, STEINERT, and BLAKE, JJ., concur.