[No. 24894. Department Two. April 30, 1934.]

ALICE C. BLETHEN, *Appellant,* v. FRANCIS A. BLETHEN, *Respondent.*[1]

[1]Reported in 32 P. (2d) 543.

*Ryan, Desmond & Ryan* and *Howard W. Sanders,* for appellant.

*Todd, Holman & Sprague* and *Lowell P. Mickelwait,* for respondent.

HOLCOMB, J.—Such proceedings were had in the above entitled case as resulted in an interlocutory decree of divorce on July 11, 1930, which decree was made final on January 26, 1931.

During the pendency of the action, the parties entered into a stipulation for a property settlement contingent upon a divorce being granted, the terms of which settlement were embodied in the decree. It provided for the payment of permanent alimony to appellant of one hundred fifty dollars per month, which was to be increased under certain contingencies, as to which provisions jurisdiction was not retained by the court. The stipulation also made separate provision for the minor child of the parties, as to which provisions jurisdiction was retained by the court.

On June 21, 1933, appellant caused an order to be issued against respondent requiring him to show cause why he should not be punished for contempt for failure to pay alimony as provided in the decree. In answer to this proceeding, respondent filed his affidavit in which he alleged that, in April, 1933, he had paid appellant one hundred and twenty-five dollars and in May and June, 1933, one hundred dollars each month. As an excuse justifying his failure to pay the amounts required by the stipulation and decree, he alleged that, on June 2, 1931, he had remarried, being at that time free from all debt except such as were contracted in con-

templation of his marriage, and was then earning eight hundred dollars per month, but that in July, 1932, his salary had been reduced to four hundred dollars per month, and that he and appellant in August, 1932, had orally agreed that he was to pay her one-half of his salary in lieu of the provisions of the decree; that he thereafter paid her two hundred dollars per month until his salary was further reduced in November, 1932, to three hundred dollars, at which amount it has since remained, and that he accordingly paid her one hundred and fifty dollars per month until April, 1933, when he further reduced his payments to one hundred and twenty-five dollars and one hundred dollars per month, as heretofore mentioned.

He then set forth in detail the birth of a child by his second marriage, the debts contracted since his second marriage, and the amount necessary to support his second family; by which he seeks to show that out of the three hundred dollars salary now received by him there remains available for the support of his first family only the sum of seventy-five dollars per month.

In addition to the affidavit in the contempt proceeding filed by respondent, he filed a petition for modification of the amounts awarded to appellant, and on June 28, 1933, caused a show cause order to issue on his petition for modification. He alleged substantially the same facts in this proceeding as he had in his affidavit in the contempt proceeding.

To this petition, appellant served a special appearance moving to quash the service of respondent's petition and order to show cause upon two grounds: First, that the court had no jurisdiction of the subject matter or of appellant; and second, that appellant had not been served with a copy of the decree sought to be modified.

Appellant also, without waiving her special appear-

ance, demurred to the petition of respondent on two grounds: First, that the court had no jurisdiction of the subject matter of the action or of appellant; and second, that the petition does not state facts sufficient to entitle respondent to the relief sought.

The two matters came on regularly to be heard by the lower court on August 28, 1933, and the lower court filed its memorandum opinion reducing the payments to appellant to one hundred dollars per month; and on September 9, 1933, entered its order discharging respondent and adjudging him to be not in contempt, and also its order modifying the divorce decree by reducing the total payments to appellant for alimony and for the support of her child to one hundred dollars per month, from both of which decrees plaintiff appeals.

Respondent opens his brief with motions to dismiss the appeal upon the grounds: First, that it is duplicitous, being taken from two separate judgments entered in two separate and distinct proceedings; and second, that no appeal bond has been given or filed by appellant as required by law, in that the bond filed by appellant is so ambiguous and uncertain as to amount to no bond at all.

There is no merit in the motions to dismiss the appeal, both of the grounds for which are based upon the contention that the appeal is duplicitous.

It is true that we have held in a number of cases that such proceedings are separate proceedings and to be treated as though they were two new, independent suits. *Bedolfe v. Bedolfe,* 71 Wash. 60, 127 Pac. 594; *Cooper v. Cooper,* 83 Wash. 85, 145 Pac. 66; *State ex rel. Buttnick v. Superior Court,* 127 Wash. 101, 219 Pac. 862.

It is, however, a proceeding in the same litigation between the same parties. The whole controversy hinged upon the one subject matter, namely, alimony.

There was one hearing before the same judge of the court. It was a matter of great convenience for the parties and for this court that one appeal was taken and the matters were very distinctly separated in the lower court and here. There is no good reason why it should not be determined in this court upon one appeal and for which only one bond need have been given. See *Kinne v. Kinne*, 137 Wash. 284, 242 Pac. 388.

The motions to dismiss the appeal are therefore denied.

██ On the merits of the two matters involved in this appeal, as to the contempt proceeding, little need be said. The trial court had the advantage of seeing and hearing the witnesses as well as reading the affidavits made by the respective parties, and upon the evidence before him held that respondent could not be charged with willful contempt.

As was said in *Cook v. Cook*, 168 Wash. 649, 13 P. (2d) 38:

"The trial court denied the application without prejudice to the right of the appellant to again petition the court in the matter. Taking into consideration all the facts and circumstances, as above stated, and as they appear in the record, we cannot say that the trial court abused its discretion in denying the application for modification of the decree."

We also reapproved the rule stated in *Cain v. Cain*, 90 Wash. 402, 156 Pac. 403, that

"For obvious reasons, the appellate court will not modify a decree of this character unless there has clearly been an abuse of discretion on the part of the trial court."

██ ██ Upon the matter of the modification of the decree as to the alimony, it is the settled rule in this state that a judgment awarding alimony is property. *Ruge v. Ruge*, 97 Wash. 51, 165 Pac. 1063, L. R. A.

1917F, 721; *Cooper v. Cooper,* 146 Wash. 612, 264 Pac. 1; *Rehberger v. Rehberger,* 153 Wash. 591, 280 Pac. 8; *Hart v. Hart,* 174 Wash. 316, 24 P. (2d) 620.

The trial court based its decision on Chapter 112 of the act of 1933 (Laws of 1933, p. 432), which amended Rem. Rev. Stat., § 988, and added two new sections, one of which is Rem. 1933 Sup., § 988-2, reading:

"All orders and judgments heretofore made and entered in divorce actions relative to alimony and support money may be modified, altered and revised by the court from time to time as circumstances may require."

Appellant contends that the portion of the act of 1933 quoted is invalid in so far as it affects vested rights under judgments for alimony, while respondent contends to the contrary.

Since it is a well settled rule of the cases above cited that alimony is property and vests in the person to whom it is awarded, it is not competent for the legislature to take away such vested rights in property. The *Ruge* and *Rehberger* cases, *supra,* confirmed the principle that such decrees for alimony create vested property rights.

The court of appeals of New York in *Livingston v. Livingston,* 66 N. E. (N. Y.) 123, under a similar statute which in terms was made to apply to judgments theretofore rendered, held that the legislation was unconstitutional in so far as it attempted to confer a power on the court to annul or vary valid and final judgments entered before the passage of the act. We concur with the reasoning and result reached in that case. Cf. *Springstun v. Springstun,* 131 Wash. 109, 229 Pac. 14, 40 A. L. R. 595. See, also, 15 R. C. L. 999.

There is no conflict between this determination and that in *Troyer v. Troyer, ante* p. 88, where the con-

· 437

tract and decrees were different, and the validity of the act of 1933 was not involved.

Upon these considerations, we conclude that the decree refusing to hold respondent in contempt must be and it is affirmed. The continuing jurisdiction of the lower court as to the minor child is not disturbed. The decree modifying the former decree as to property and alimony awarded appellant is reversed, and the awards reinstated. Appellant will recover costs of appeal.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.

