[No. 30293. Department Two. November 10, 1947.]

MARTIN I. DINESEN, *Respondent,* v. MYRTLE G. DINESEN, *Appellant.*[1]

*Marion Garland, Sr., Marion Garland, Jr.,* and *Frank Hunter,* for appellant.

*Ralph Purvis,* for respondent.

ROBINSON, J.—The interlocutory decree of divorce was entered in this cause on October 23, 1944. The children of the parties are Geraldine G., born December 29, 1929, and, therefore, now nearly eighteen years of age, and John M., born June 11, 1933, and, therefore, now fourteen years of age. Their custody was awarded to the defendant, who is the appellant here, and the following provision was made for their support:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that in accordance with the agreement made between the parties, the plaintiff is to pay the defendant the sum of $100.00 per month for the support of said children until the

[1] Reported in 186 P. (2d) 611.

oldest child becomes 21 years of age or self-supporting or married; then the payment shall be reduced to $50.00 and thus continue until the youngest child becomes 21 years of age or self-supporting. Such payment shall be reduced $50.00 should the death of each [either] child occur."

The final decree was entered on April 24, 1945. In January, 1947, the plaintiff, who is respondent here, filed a petition to modify the interlocutory decree. The material allegations of his petition were as follows:

"(2) That subsequent to the entry of said Interlocutory Decree and on May 12, 1945, this plaintiff remarried, and is now living with his second wife.

"(3) That the defendant, above named, is now a permanent employee of the Puget Sound Naval Shipyard, Bremerton, Washington, and she receives a minimum base pay of Two Thousand Three Hundred Ninety-Four ($2394.00) Dollars annually.

"(4) That the plaintiff now earns only the sum of Sixty ($60.00) Dollars per week after tax deductions and is not able to continue paying the defendant the support money required in the Interlocutory Decree, herein."

The prayer of the petition was that the interlocutory decree be modified by reducing the support payment from one hundred dollars per month to fifty.

The defendant-appellant included with her denials certain affirmative allegations, accompanied by a prayer that the payment for the support of the children be increased to one hundred twenty-five dollars per month. The trial court, after hearing the evidence adduced by both parties, entered a modification order reducing the payment to eighty dollars per month, from which order defendant appeals.

The statement of facts contains but twenty pages of evidence. There is stapled thereto an envelope labeled "Exhibits," containing certain papers, each bearing a stamp "Marked for Identification." They do not appear to have any material bearing on the question before us. Furthermore, the trial court's certificate to the statement of facts recites that no exhibits were offered upon the trial of said cause.

The oral evidence shows that, at the time the interlocutory decree was entered, both parties were navy-yard workers and were still so at the time the petition for modification was heard. When the interlocutory decree was entered, respondent was receiving a net salary of approximately $260.43 per month, out of which he was ordered to pay one hundred dollars for the support of the children, leaving him $160.43 for his own support. He was receiving the same salary at the time his petition was heard, but, in the meantime, he had acquired another wife.

The appellant, at the time the modification order was entered, was receiving a net salary of $163.06. Her fourteen-year-old son was regularly earning forty-five dollars per month; hence, the family income was $208.06 per month.

Appellant's counsel earnestly contended throughout the trial, and it is their principal contention here, that there is no basis for the modification order, in that no "change of condition" was shown. The trial judge seems to have been somewhat impressed with that contention during and at the close of the hearing. He took the matter under advisement and, in due course, rendered a memorandum decision holding that there was a change of condition, in that the respondent had a new wife to support and one of the children in the custody of appellant had become partially self-supporting. He concluded his memorandum opinion as follows:

"We find then that the plaintiff, since his remarriage, is supporting himself and his present wife on a net income of $160.43 per month after the present payment to his former wife, and the defendant is supporting herself and two children on a total income of $308.06 per month after receipt of the plaintiff's monthly payment. It would seem to me that, in view of all the circumstances, the plaintiff would be entitled to some adjustment, and his support money payments to the defendant will therefore be reduced to $80.00 per month. This will result in his having a net of $180.43 per month for the support of himself and his wife, and the defendant will have $288.06 per month, which would seem to be a fair and almost exact distribution of their combined income in proportion to their respective obligations."

In arriving at its conclusion, the trial court seems to have relied largely upon the opinion in *Cook v. Cook*, 168 Wash. 649, 13 P. (2d) 38, and particularly upon that portion of it which reads as follows:

"Where a divorced husband remarries, he owes a duty to his second wife, as well as to the former, that the law recognizes, and the court will make such adjustment as the relative necessities of the parties demand and the ability of the husband will warrant."

The *Cook* case is not very persuasive authority on that point, since, despite the language of the opinion above quoted, the court affirmed the action of the trial court in refusing to petitioner any relief, although the petitioner had, since the entry of the interlocutory decree, acquired, not merely a wife, but "a wife and four small stepchildren," or, as his counsel graphically put it, had "six to provide for instead of merely himself."

However, the court further held:

"Whether the alimony provision of a divorce decree should be modified, is a matter that rests largely in the discretion of the trial court, and this court will not disturb the holding of the trial court unless there has been a clear showing of an abuse of that discretion.

"In *Cain v. Cain*, 90 Wash. 402, 156 Pac. 403, it is said:

" 'For obvious reasons, the appellate court will not modify a decree of this character unless there has clearly been an abuse of discretion on the part of the trial court. [Citing authorities.]' "

■■ We are unable to hold that there has been an abuse of discretion in the instant case, and we are further of the opinion that the trial judge properly refused offers of certain evidence made by appellant to the effect that respondent's present wife was instrumental in breaking up the Dinesen home. In this connection, appellant's counsel particularly insists that the court erred in refusing evidence offered to prove that respondent's present wife, in testifying at the trial of the divorce action between respondent and his then wife, falsely stated that she had no intention of marrying Dinesen. Perhaps, she told the truth. It is proverbial that it is a woman's prerogative to change her

mind. There was more than time to do so. The trial took place in April, 1944. The respondent's present wife married him on May 12, 1945, more than a year thereafter. However that may be, we think the offered testimony was immaterial. The question presented to the trial court was essentially economic.

The order appealed from will be affirmed.

MALLERY, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.