[No. 36792. Department Two. December 19, 1963.]

ELEANOR K. LIND, *Appellant,* v. BERT N. LIND, *Respondent.**

*Jerry S. Holdaway,* for appellant.

*Mifflin & Mifflin,* for respondent.

PER CURIAM.—Eleanor K. Lind (hereinafter referred to as the "wife") commenced an action on March 29, 1962, against Bert N. Lind (hereinafter referred to as the "husband") for a divorce, asking also for support money for their minor child "born as issue of this marriage . . . May 30, 1961."

After a hearing, at which both parties were present, the temporary custody of the child was awarded to the husband August 30, 1962. The wife refused to surrender custody of the child and secreted both herself and the child. In consequence thereof, the trial court entered an order adjudging her to be in contempt, September 4, 1962; her counsel was present at the hearing. The order provided that she could purge herself of contempt by delivering the child to the husband pursuant to the order of August 30. At a hearing, September 7, 1962, the whereabouts of the wife and child

*Reported in 387 P. (2d) 752.

being still unknown, the wife's counsel submitted as justification for her conduct a statement in her handwriting that the child was not her husband's. This statement was controverted by the husband and cannot be accepted as a fact on the record before us. Consequently, no justification for her refusal to obey the order of August 30, 1962, has been shown. September 7, 1962, the trial court entered a supplemental order re the wife's contempt stating:

"That the plaintiff (who by said Order filed herein September 4, 1962 was adjudged and remains in contempt of this Court) be and she is hereby committed to the King County Jail, there to remain for a period of 30 days, but subject to her earlier release from the King County Jail upon delivery . . ."

of the child to the husband as theretofore ordered.

■ The appeal from these contempt orders is the only matter before us. The wife's conduct is clearly contemptuous of the court, but that does not warrant an adjudication of contempt without a hearing as prescribed by statute,[1] nor a punishment for contempt except after such a hearing. In *Starkey v. Starkey* (1952), 40 Wn. (2d) 307, 242 P. (2d) 1048, where the conduct involved was equally contemptuous, we pointed out that the remedy of the aggrieved party was to seek enforcement of the interlocutory order through statutory contempt proceedings. Whether or not our contempt statutes have been complied with is the question now presented.

■ January 30, 1963, this court entered an order denying a motion to dismiss the appeal unless the wife delivered the child to the husband; and, as there was apparently some doubt as to whether the superior court could proceed with the divorce action on its merits with this appeal pending, this court by the same order directed that "action in the

---

[1] "In cases other than those mentioned in RCW 7.20.030, before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court or judicial officer, and thereupon such court or officer may either make an order upon the person charged to show cause why he should not be arrested to answer, or issue a warrant of arrest to bring such person to answer in the first instance. [Code 1881 § 728; 1877 p 148 § 733; 1869 p 169 § 670; RRS § 1052.]" RCW 7.20.040.

trial court on the merits including the issue of custody shall proceed."

This appeal was on the calendar for November 13, 1963 (counsel did not appear); more than 9 months have elapsed since this court directed the action to proceed "on the merits including the issue of custody."

This matter, if parties have proceeded with any diligence, could well be moot with issues of paternity and custody decided. We are unwilling to proceed to a determination of the issues here presented in a vacuum.

The husband has moved to dismiss the appeal because no statement of facts has been filed. This motion is denied, as there is no showing of what a statement of facts could include that is not already in the transcript and supplemental transcripts.

However, the appeal will be dismissed on December 31, 1963, unless a showing is made on or before that date that there is still a justiciable issue to be determined by this court.